NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BRANDON T. WIEGAND,**

*Petitioner*

**v.**

**DEPARTMENT OF THE ARMY,**

*Respondent*

---

2023-1853

---

Petition for review of the Merit Systems Protection Board in No. PH-0752-18-0155-I-2.

---

## ON MOTION

---

Before DYK, CUNNINGHAM, and STARK, *Circuit Judges*.

CUNNINGHAM, *Circuit Judge*.

### O R D E R

The Department of the Army moves to dismiss this petition for review for lack of jurisdiction. Brandon T. Wiegand opposes the motion, arguing that this court should exercise jurisdiction or alternatively transfer.

Mr. Wiegand's petition seeks review of the Merit Systems Protection Board's final decision sustaining his

removal and rejecting his affirmative defenses of reprisal for engaging in Equal Employment Opportunity activity and disability discrimination. Mr. Wiegand's filings here indicate that he wishes to pursue his discrimination claims. *See* ECF No. 5 at 1–3.[*]

In general, we have jurisdiction to review "a final order or final decision of the . . . Board," 28 U.S.C. § 1295(a)(9), except for "[c]ases of discrimination subject to the provisions of [5 U.S.C. §] 7702," 5 U.S.C. § 7703(b)(2). Those cases, involving appeals to the Board and claims of covered discrimination, § 7702, belong in district court. *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 432 (2017). Mr. Wiegand brings such a case, and thus we lack jurisdiction. Mr. Wiegand argues that we have jurisdiction under a different provision (§ 7703(c)), but that provision merely provides the standard for our review while "preserving [the] 'right to have the facts subject to trial de novo by the reviewing court' in any 'case of discrimination' brought under § 7703(b)(2)," *id.* at 429 (citation omitted). There is no "doubt that the Federal Circuit lacks authority to adjudicate such claims" of discrimination. *Id.*

Although the Department urges dismissal, we deem it more appropriate to grant Mr. Wiegand's alternative request to transfer this mixed case pursuant to 28 U.S.C. § 1631, to the United States District Court for the Middle District of Pennsylvania, where he has a pending disability discrimination case, and to leave it to the district court to address any issues raised by the agency.

---

[*]    While Mr. Wiegand's response asks this court to deem his discrimination claims waived in order to retain jurisdiction if it determines that transfer is inappropriate, that request does not amount to an unconditional abandonment of his claims that might otherwise give us jurisdiction.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss is denied.

(2) This case and all filings are transferred to the United States District Court for the Middle District of Pennsylvania.

FOR THE COURT

October 4, 2023                                    /s/ Jarrett B. Perlow
    Date                                           Jarrett B. Perlow
                                   Clerk of Court